1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERROD HERNDON, )   No. C 11-03125 EJD (PR)
                        )
            Plaintiff, )   ORDER OF DISMISSAL
                        )
    vs.                 )
                        )
                        )
CA PENAL CODE SYSTEM, et al., )
                        )
            Defendants. )
                        )
_____ )

Plaintiff filed a civil rights action under 42 U.S.C. § 1983, using the court's
form complaint.  On February 2, 2012, the Court dismissed the complaint with leave
to amend because Plaintiff's handwriting in the "Statement of Claim" section was
illegible.  (Docket No. 7.)  Plaintiff has filed an amended complaint which seeks a
"pardon," a "total exsponge [*sic*] of criminal proceedings" and complete... parole
discharge certificate."  (Docket No. 8 at 3.)

**DISCUSSION**

"'Federal law opens two main avenues to relief on complaints related to
imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under
the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.11\03125Herndon_dism (cr.hc).wpd

1  Challenges to the lawfulness of confinement or to particulars affecting its duration

2  are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006)

3  (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge

4  to the circumstances of his confinement, however, may be brought under § 1983."

5  Id.

6       Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or

7  speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293

8  (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v.

9  Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997);

10  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would

11  not 'necessarily spell speedier release,' however, suit may be brought under §

12  1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a

13  consequence, challenges to prison conditions have traditionally been cognizable

14  only via § 1983, while challenges implicating the fact or duration of confinement

15  must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026

16  (9th Cir. 2004). A parole claim, as in the case at bar, that affects the legality or

17  duration of a prisoner's custody, and a determination of which may likely result in

18  entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail,

19  120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th

20  Cir. 1990), cert. denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267,

21  1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir.

22  2003) (implying that claim, which if successful would "necessarily" or "likely"

23  accelerate the prisoner's release on parole, must be brought in a habeas petition).

24       Here, Plaintiff's claims affect the duration of his custody and the

25  determination of the claim may result in entitlement to an earlier release, and

26  therefore must be brought in habeas. See Butterfield, 120 F.3d at 1024.

27  Furthermore, although a district court may construe a habeas petition by a prisoner

28  attacking the conditions of his confinement as a civil rights action under 42 U.S.C. §

United States District Court
For the Northern District of California

1  1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not

2  true: A civil rights complaint seeking habeas relief should be dismissed without

3  prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v. City

4  of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this action is

5  DISMISSED without prejudice to Plaintiff's refiling as a petition for habeas corpus

6  pursuant to 28 U.S.C. § 2254.

7

8                                    **CONCLUSION**

9           For the reasons stated above, this action is DISMISSED without prejudice to

10  refiling as a habeas action.

11          The Clerk shall enclose two copies of the court's form petition with a copy of

12  this order to Plaintiff.

13  DATED: _____7/18/2012_____          _____

14                                           EDWARD J. DAVILA
                                             United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.11\03125Herndon_dism (cr.hc).wpd      3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GERROD L. HERNDON,

        Plaintiff,

  v.

CA PENAL CODE SYSTEM, et al.,

        Defendants.

_____/

Case Number: CV11-03125 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/19/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerrod Herndon T-62827
California Medical Facility
PO Box 2000
Vacaville, CA 95696

Dated: _____7/19/2012_____

                                Richard W. Wieking, Clerk
                        /s/ By: Elizabeth Garcia, Deputy Clerk